OPINION
This is an appeal from the judgment and sentence imposed by the Crawford County Common Pleas Court on February 1, 1999.
After having been bound over by the juvenile division in Rule 30 proceedings, the grand jury returned a six-count indictment against Appellant William Noggle, Jr. The indictment stemmed from the appellant's participation in the murder of Raymond Campbell, an 81-year-old farmer, and the subsequent arson of Campbell's residence. Appellant was 16 years of age at the time of the offenses.
As a result of plea negotiations, on September 15, 1998, before retired Judge Joseph B. Grigsby, sitting by assignment, appellant changed his plea to guilty on all charges and specifications. The plea was in exchange for the State's agreement to recommend that the appellant not receive the highest available penalty of life without possibility of parole. The appellant was also to testify truthfully at his co-defendant's trial.
Judge Grigsby became ill and was not able to preside over the sentencing of appellant. Thus, Judge Nelfred G. Kimerline, who presided over the codefendant's trial, was assigned to hand down appellant's sentence.
On appeal, appellant assigns as error that:
 The trial court erred as a matter of law, as the court's procedure with respect to appellant did not conform to the requirements of Criminal Rule 11, thus depriving appellant of due process of law.
 Defendant received ineffective assistance of counsel, due to counsel's failure to attempt to suppress his statement and to obtain a forensic evaluation for purposes of competency and/or NGRI.
 The trial court erred as a matter of law in not removing the trial judge who had two instances of improper ex parte communication with the victim's son immediately prior to sentencing, causing a violation of due process of law as guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution, and Art. I, Sec. 10 of the Ohio Constitution.
For his first assignment of error appellant states that he was clearly deprived of the procedural protections afforded by Crim.R. 11 and R.C. 2945.06. Pointing out that the death specification was never dismissed and the case was thus still a death penalty case, appellant states that in accordance with Crim.R. 11 his plea should have been reviewed by a three-judge panel. We agree.
As we stated in State v. Brock (1996), 110 Ohio App.3d 656, in an aggravated murder case, Crim.R.11 and R.C. 2945.06 require when a plea is accepted to both the charge and one or more specifications, that a panel of three judges shall determine whether the offense was aggravated murder or a lessor offense and then that panel shall follow the correct procedure regarding sentencing.
There being no provision for a single-judge court to handle such a proceeding, the court was without jurisdiction and any finding of guilt is thus void, as is the subsequent proceeding regarding the sentence.
Appellant's first assignment of error is sustained. Having thus sustained that assignment of error, we will not consider the other assignments of error at this time.
The judgment having been determined to be void ab initio for want of jurisdiction of the trial court, we do not find that appellant was in jeopardy on the offense, and the cause must be remanded to the trial court to proceed as if no plea has been entered.
Judgment reversed and
Cause remanded.
SHAW and WALTERS, JJ., concur.